FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

00 AUG 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARK ANTHONY CHANDLER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 00-B-1121-NE |
| ) | |
| ASSISTANT MAGISTRATE JUDGE ) | |
| GARY O. STEPHENS and JOHN and ) | |
| JANE DOES 1 - 10. ) | |
| ) | |
| Defendants. ) | |

**ENTERED**

AUG 2 8 2000

### MEMORANDUM OF OPINION

Plaintiff Mark Anthony Chandler, Sr., ("plaintiff") filed a *pro se* complaint wherein he alleges that he is entitled to injunctive and declaratory relief. (Doc. 1, p. 4). He asserts that he was improperly arrested on a state warrant that was issued contrary to law by Magistrate Gary O. Stephens ("Stephens"). He claims that the warrant is invalid because Stephens was not a licensed attorney at the time the warrant was issued. (Doc. 1). A magistrate judge of this Court filed a report and recommendation on July 5, 2000, recommending that this action, which was filed pursuant to 42 U.S.C. § 1983, be dismissed as frivolous under 28 U.S.C. § 1915A(b). The magistrate judge recommended that plaintiff's claim be dismissed on the ground that it was barred by the applicable statute of limitations because he was complaining about an act which occurred on October 4, 1992, more than two years before he filed this action.[1]

---

[1] Section 6-2-38(l), ALA. CODE, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Prior to May 1996, the Alabama tolling provision, ALA. CODE § 6-2-8(a) (1975), provided in pertinent part:

> If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time such right accrues, . . . <u>imprisoned on a criminal charge for any term less than for life</u>, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to

9

Plaintiff filed objections to the report and recommendation on July 12, 2000. Plaintiff argues that the statute of limitations did not begin to run until the date he discovered the information necessary to support this lawsuit. He claims this date is April 5, 1999, when he read a newspaper article evidencing that Stephens was not a licensed attorney. In the alternative, he argues that the time for filing his lawsuit should be tolled because he is serving a life sentence and he was sentenced prior to the time the legislature changed the applicable tolling provisions. *See* ALA. CODE § 6-2-8 (1975).

The court finds plaintiff's objections to be without merit. Because § 1983 does not contain a statute of limitations, the magistrate judge correctly looked to Alabama state law. *Parrish v. City of Opp*, 898 F. Supp. 839, 842 (M.D. Ala. 1995). As already noted, the applicable statute is two years. Contrary to plaintiff's assertion, the period for filing his claim commenced when the cause of action accrued. *See Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996). In discussing when an action accrues, one court has stated:

> [It] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action

---

> commence an action ... provided, however, that no disability shall extend the period of
> limitations so as to allow such action to be commenced ... after the lapse of 20 years from
> the time the claim or right accrued.

ALA. CODE § 6-2-8(a) (1975) (emphasis added). Effective May 17, 1996, § 6-2-8 was amended so that it no longer provides a tolling provision for those "imprisoned on a criminal charge for any term less than for life." ALA. CODE § 6-2-8(a) (1999 Cum. Supp.). The magistrate judge found that plaintiff had not pled any facts that would bring this action under Alabama's tolling statute, § 6-2-8, ALA. CODE. It is clear from the face of plaintiff's complaint that he was not serving any sentence at the time his claim against Stephens arose. Consequently, the magistrate judge concluded that this action would not have been saved by either version of the tolling provision. *See* ALA. CODE § 6-2-8(c) (1975) & ALA. CODE § 6-2-8(c) (1999 Cum. Supp.); *see also Whitson v. Baker*, 755 F.2d 1406, 1409, n.1 (11th Cir. 1985) (tolling provision inapplicable because the action arose prior to Whitson's conviction and sentence); *Ball v. Woods*, 402 F. Supp. 803, 805 n.1 (N.D. Ala. 1975), *aff'd* 529 F.2d 520 (5th Cir.), *cert. denied*, 426 U.S. 940 (1976) (tolling statute not applicable because the cause of action accrued prior to the sentence of imprisonment).

2

accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

*Parrish*, 898 F. Supp. at 842. *See also Garrett v. Raytheon Co., Inc*, 368 So. 2d 516, 518-19 (Ala. 1979) ("The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action 'accrues.' The cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon."); *Sellers v. A. H. Robins Company, Inc.*, 715 F.2d 1559, 1561 (11th Cir. 1983) ("In Alabama, the expiration of a limitation period is tolled only until the plaintiff discovers, or should have discovered through the exercise of due diligence, his cause of action.").

A claim for false arrest, such as the one presented by plaintiff herein, accrues on the date of arrest. *Parrish,* 898 F. Supp. at 842-43. The statute of limitations period commenced when the warrant was executed upon his arrest in 1992. At that juncture, he had every right to question the authority of the magistrate that issued the warrant. He could have filed his claim immediately upon his arrest. The fact that plaintiff did not learn about or investigate the background of the issuing officer until he read a newspaper article on April 5, 1999, does not warrant a finding that his cause of action did not accrue until over six years after plaintiff's arrest.

The court also finds plaintiff's second objection to be without merit. He incorrectly asserts that the statute of limitations in this action should be tolled. There is no indication in the record that he was convicted or serving a sentence at the time his purported action accrued. To the contrary, the court is aware from its review of this file and its denial of plaintiff's request for habeas corpus relief concerning the conviction that resulted from this arrest, that he pled guilty to

3

intentional murder on March 5, 1993, and then was sentenced to life imprisonment. (*See Chandler v. Warden Ralph Hooks and the Attorney General of the State of Alabama*, CV 98-B-097-NE, document 16, p. 1). His plea and sentencing were at least four months after his arrest. Because plaintiff was not serving a sentence at the time the action accrued, he does not fall within the class of persons protected by the tolling provision that was in effect prior to 1996. *See Whitson*, 755 F.2d at 1409 n.1 (tolling provision inapplicable because the action arose prior to Whitson's conviction and sentence). Accordingly, his claim is barred by the applicable statute of limitations.

Furthermore, plaintiff's claim is due to be dismissed because Stephens was clearly acting within his authority when he signed an arrest warrant for plaintiff on October 4, 1992. Stephens was appointed Assistant Magistrate on February 13, 1989. (Doc. 1, Ex. 5). Plaintiff argues that an assistant magistrate is required by law to be a licensed attorney. He cites § 12-17-251(c)(1) of the Alabama Code for that proposition. It provides:

> (c) The powers of a magistrate shall be limited to:
>
> (1) Issuance of arrest warrants and, where such magistrate is licensed to practice law in Alabama or was serving as a full-time magistrate or warrant clerk on September 1, 1976, and who continued in such capacity as a merit system employee in the district court, search warrants.

ALA. CODE § 12-17-251(c)(1) (1975). This section does not require that magistrates be licensed to practice law in order to sign an arrest warrant. This section does allow those persons who have been full-time magistrates or warrant clerks since 1976 to issue search warrants after the date of the enactment of the code section. Subsequent to the adoption of this section of the Code, magistrates, such as Stephens, who are not licensed attorneys are only allowed to issue arrest

warrants.[2]

Plaintiff complains about the qualifications of Stephens to issue an arrest warrant, not a search warrant. In his original complaint, plaintiff cites *Beasley v. State*, 408 So. 2d 173 (Ala. Crim. App. 1981) and *Ringer v. State*, 394 So. 2d 69 (Ala. Crim. App.), *cert. denied*, 394 So. 2d 72 (Ala. 1980), in support of his contentions. In both of these cases, the court considered the validity of search warrants issued by magistrates rather than arrest warrants. While both cases discuss the Alabama Code sections regarding magistrates duties and powers, they do not support plaintiff's claim that Stephens lacked the qualifications required to issue an arrest warrant.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

**DONE** this 28th day of August, 2000.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2] Stephens' position as assistant magistrate is authorized under 1973 Ala. Acts 790 § 4 (pp. 1203-04) and 1975 Ala. Acts 407 (p. 1005). Assistant magistrates also are permitted to take evidence and give oaths in support of affidavits in criminal cases and to issue warrants of arrest. 1973 Ala. Acts 790 § 5(a) and 1975 Ala. Acts 407 § 5(a). They must meet the same qualifications as a magistrate. 1973 Ala. Acts 790 § 4. Thus, their authority is consistent with and not contrary to § 12-17-251(c)(1) of the Alabama Code.